IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. IRVIN aka Billy Irvin | ) | CIVIL ACTION NO.<u>2:17-cv-</u>526-SRW |
| Plaintiff, | ) | |
| v. | ) | |
| VALIDATA COMPUTER & | ) | |
| RESEARCH CORPORATION | ) | |
| Defendant, | ) | |
| and | ) | |
| DEEPWATER HORIZON | ) | |
| SETTLEMENT PROGRAM | ) | |
| Defendant - Garnishee. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, Patrick A. Juneau ("Mr. Juneau"), acting for the defendant-garnishee (named as "Deepwater Horizon Settlement Program") in his capacity as Claims Administrator of the *Deepwater Horizon* Court-Supervised Settlement Program (the "CSSP" or "Garnishee") and as Trustee of the *Deepwater Horizon* Economic and Property Damages Trust, through his undersigned counsel, hereby gives notice and removes this case to this United States District Court for the Middle District of Alabama.

In accordance with the requirement under 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal," Mr. Juneau represents the following:

### Background and procedural requirements

1.    The CSSP (with Mr. Juneau as registered agent, named here as "Deepwater Horizon Settlement Program") has been named by the plaintiff, William L. Irvin, as a garnishee in the matter *Irvin v. Validata Computer & Research Corporation* pending in the Circuit Court of

Montgomery County, Alabama and bearing the docket number CV 2013-902042 ("State Court Action"). A copy of the plaintiff's "Process of Garnishment" filed in the State Court Action is attached to this Notice as Exhibit A.

2.     Plaintiff commenced this garnishment action by filing a Process of Garnishment on January 14, 2016 against the CSSP.

3.     Mr. Juneau through counsel answered the garnishment on February 19, 2016, stating that defendant Validata Computer & Research Corporation ("Validata") had filed a claim with the CSSP and that the CSSP would withhold monies from any future settlement payment to Validata to apply towards the plaintiff's garnishment lien. Answer at ¶¶7-8. A copy of the Answer in the State Court Action is attached as Exhibit B.

4.     Apparently under the erroneous belief that defendant Validata received a settlement payment from the CSSP, plaintiff filed additional pleadings in which it prayed for a conditional judgment in the amount of $81,000 against the Garnishee, the CSSP, on June 1, 2017 (the "Motion for Judgment"). A copy of the plaintiff's Motion for Judgment is attached as Exhibit C.

5.     Garnishee, however, did not receive a copy of the Motion for Judgment until July 25, 2017, when its counsel requested a copy from the State Court only **after** it received a copy of the Order described in the following paragraph. According to the appended Certificate of Service, dated June 1, 2017, the Motion for Judgment was served by counsel for plaintiff via regular U.S. mail on Garnishee at its former address in Hammond, Louisiana. However, that location was closed, and that delivery address has been invalid, since March 31, 2016. Although all mail delivered to that address was requested to be forwarded by the U.S. Postal Service to Garnishee at its Dublin, Ohio address. After a diligent search, the CSSP has no

record of receiving a forwarded copy of the Motion for Judgment.

6.      Nevertheless, by Order dated July 6, 2017, the court in the State Court Action ordered a representative of the CSSP to appear for a hearing on the Motion for Judgment on August 8, 2017, and to show cause why the CSSP should not be cast in judgment. That Order was also mailed to Garnishee's invalid Hammond, Louisiana address, but was successfully forwarded to Garnishee in Dublin, Ohio on July 10, 2017, and was received on July 18, 2017. A copy of the Order  with the envelope in which it arrived in Ohio (bearing a postmark of July 10, 2017) is attached hereto as Exhibit D.

7.      The Order was forwarded to Mr. Juneau's representative via email on July 20, 2017, and not received by Mr. Juneau until July 25, 2017. Mr. Juneau's office had not yet received a copy of the Motion for Judgment from Plaintiff which was the predicate for the Order, but he obtained a copy of the Motion from the State Court on July 25, 2017. As such, the 30-day deadline for removal did not start running until July 25, 2017, when Mr. Juneau received the Motion (or at the earliest, July 18, 2017, when the Order was received in Ohio).

8.      The Motion requested a nisi conditional judgment against the Settlement Program in the amount of $81,000.00 plus costs.

9.      The Motion for Judgment converted this ordinary garnishment, in which the Claims Administrator was a mere stakeholder, into a removable civil action because it exposes the CSSP to direct liability beyond any obligation to simply withhold money otherwise due to Validata. *See Farm & City Ins. Co. v. Johnson*, 190 F. Supp. 2d 1232, 1236 (D. Kan. 2002) (citing *Murray v. Murray*, 621 F.2d 103, 107 (5th Cir. 1980)).

10.     Under 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely, as it is being filed within thirty days after receipt of the motion from which it could first be ascertained that this

case has become removable, the Motion for Judgment which Garnishee received on July 25, 2017, and after receipt of the Order on July 18, 2017.

**Removal is proper under 28 U.S.C. § 1441.**

11.     This matter is removable under 28 U.S.C. § 1441(a) as a civil action over which a federal district court has original subject matter jurisdiction ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

12.     A garnishment proceeding is a separate and independent cause of action that is subject to removal, and Mr. Juneau as garnishee is entitled to removal. *See Armentrout v. Atl. Cas. Ins. Co.*, 731 F. Supp. 2d 1249, 1258 (S.D. Ala. 2010).

13.     The Fifth Circuit has recognized that removal is proper under 28 U.S.C. § 1441 in cases with a "but for" connection to the *Deepwater Horizon* incident due to the federal court's original jurisdiction under OCSLA, 43 U.S.C. § 1349, in matters relating to the oil spill. *In re DEEPWATER HORIZON*, 745 F.3d 157, 164 (5th Cir. 2014).

14.     The federal courts have original jurisdiction over cases arising out of or in connection with the oil spill under OCSLA. 43 U.S.C.A. § 1349 states "...the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals...."

15.     The Fifth Circuit and the district court for the Eastern District of Louisiana have stated

4

that "the fact that the oil spill occurred because of …'operations' in exploring for and producing oil on the Outer Continental Shelf ("OCS") cannot be contested." *In re DEEPWATER HORIZON*, 745 F.3d at 164.

16.     Plaintiff's garnishment action seeking a judgment against the CSSP has a "but for" connection to the oil spill because he is seeking compensation from the CSSP designed to compensate victims of the oil spill. Thus, removal is proper under 28 U.S.C. § 1441(a).

17.     Alternatively, removal is also proper under § 1441 because the Eastern District of Louisiana has continuing and exclusive original jurisdiction over the CSSP's operations.  The Settlement Agreement specifies that the District Court retains "continuing and exclusive jurisdiction" over the settlement, including "over the administration and enforcement of the Agreement and the distribution of its benefits . . . ." Economic & Property Damages Settlement Agreement, *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, Rec. Doc. 6430, at ¶ 18.1 (E.D. La. filed May 3, 2012) ("Settlement Agreement"). In its order approving the Settlement, the district court expressly noted its continuing jurisdiction over the settlement's administration, and the Fifth Circuit has also recognized the federal district court's continuing and exclusive jurisdiction. *See* Order & Reasons, *In re: Oil Spill*, MDL No. 2179 (the "MDL"), Rec. Doc. 8138 at 9 (E.D. La. entered Dec. 21, 2012) ("The Settlement Program and Claims Administrator are subject to this Court's continuing and exclusive jurisdiction."); *see also BP Exploration & Prod., Inc. v. Johnson*, 538 F. App'x 438, 439-40 (5th Cir. 2013) (vacating a decision in the Southern District of Texas on summary judgment and ordering that court to transfer the case to the Eastern District of Louisiana "to decide this issue in a way that is consonant with the handling of this multitudinous [sic] litigation.").

5

**Removal is proper under 28 U.S.C. § 1442.**

18.    Further, removal is proper under 28 U.S.C. § 1442(a)(3) because the Motion for Judgment in the garnishment proceeding is an action directed to Mr. Juneau in his capacity as an officer of the courts of the United States in the performance of his official duties as the Court Appointed Claims Administrator of the CSSP.

19.    The Motion for Judgment asserts a claim for judgment in the amount of $81,000 plus costs against the CSSP through its Claims Administrator Mr. Juneau, who has been appointed by the Honorable Carl J. Barbier of the United States District Court for the Eastern District of Louisiana. The CSSP arises from *In re: Oil Spill by the Oil "Deepwater Horizon" in the Gulf of Mexico*, on April 20, 2010, 10-MD-02179.

20.    Removal is timely under 28 U.S.C. § 1446(b)(3) because notice has been filed within thirty days of Mr. Juneau's receipt of the Motion for Judgment and Order to appear. It is the filing of the Motion for Judgment that makes this case removable under § 1442. *Farm & City Ins. Co. v. Johnson*, 190 F. Supp. 2d 1232, 1236 (D. Kan. 2002) ("[I]t is the motions for judgment and not the orders to pay, which trigger the 30 day removal period.").

**Removal venue is proper in this court.**

21.    Venue for removal is proper in this Court pursuant to 28 U.S.C. § 1441(a), as the United States District Court for the Middle District of Alabama is the district court for the district within which the State Court Action is pending.

22.    Defendant intends to move for transfer of this action to the MDL pending in the Eastern District of Louisiana (MDL No. 2179) following removal so that this action may be resolved in a manner consistent with similar claims under the Settlement Agreement.

**Effectuation of removal**

23.    Mr. Juneau hereby removes this action to the United States District Court for the Middle District of Alabama.

24.    By filing this Notice of Removal, Mr. Juneau expressly consents to the removal.

25.    The allegations of this Notice remain true as of the date of filing of this Notice of Removal.

26.    A copy of the state court file as reflected on the AlaCourt system is attached hereto as Exhibit E.

27.    Mr. Juneau reserves the right to submit evidence in support of removal as appropriate in future circumstances and to otherwise supplement this Notice of Removal.

28.    By virtue of this Notice of Removal, Mr. Juneau does not waive his right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

29.    Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the Circuit Court of Montgomery County, Alabama. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit F. Also, pursuant to 28 U.S.C. § 1446(d), Mr. Juneau is providing written notice of the filing of this Notice of Removal to all adverse parties.

30.    If any question arises as to the propriety of the removal of this action, Mr. Juneau requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

    **WHEREFORE**, Mr. Juneau hereby removes this action to the United States District Court for the Middle District of Alabama.

Dated:  August 3, 2017                    Respectfully submitted,


                                          _____
                                          Thomas W. Thagard III (ASB-2000-D62T)
                                          Brandt P. Hill (ASB-1869-X29A)
                                          MAYNARD COOPER & GALE P.C.
                                          1901 Sixth Avenue North
                                          Suite 2400, Regions/Harbert Plaza
                                          Birmingham, Alabama 35203-2618
                                          Telephone: (205) 254-1000
                                          tthagard@maynardcooper.com
                                          bhill@maynardcooper.com

                                          -and-

                                          J. David Forsyth (La. Bar No. 5719)
                                          SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C
                                          201 St. Charles Ave., Suite 3815
                                          New Orleans, LA 70170
                                          Telephone: 504-582-1521
                                          jdf@sessions-law.com

                                          -and-

                                          Richard C. Stanley (La. Bar No. 8487)
                                          Kathryn W. Munson (La. Bar No. 35933)
                                          STANLEY, REUTER, ROSS, THORNTON &
                                          ALFORD, L.L.C.
                                          909 Poydras Street, Suite 2500
                                          New Orleans, Louisiana  70112
                                          Telephone: (504) 523-1580
                                          rcs@stanleyreuter.com
                                          kwm@stanleyreuter.com

                                          Attorneys for Deepwater Horizon Court Supervised
                                          Settlement Program and Patrick A. Juneau, in his
                                          official capacity as Claims Administrator of the
                                          Deepwater Horizon Court Supervised Settlement
                                          Program administering the Deepwater Horizon
                                          Economic and Property Damages Settlement
                                          Agreement, and in his official capacity as Trustee of
                                          the Deepwater Horizon Economic and Property
                                          Damages Settlement Trust

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S.

mail, postage prepaid, on this the 3rd day of August, 2017, to:

Charles N. Parnell III
Parnell & Parnell, P.A.
PO Box 2189
Montgomery, AL 36102
(334) 832-4200
Attorney for Plaintiff William L. Irvin

Michael A. Fritz
Fritz Law Firm, LLC
25 South Court St.
Montgomery, AL
(334) 230-9790
Attorney for Defendant Validata Computer & Research Corporation

Azar W. Davis
800 S McDonough St.
Suite 105
Montgomery, AL 36104
(334) 269-9700
Attorney for Defendant Validata Computer & Research Corporation

Marvin H. Campbell
PO Box 4979
Montgomery, AL 36103
(334) 263-7591
Attorney for Defendant Validata Computer & Research Corporation


Brandt P. Hill