DOCUMENT 2

Case 2:17-cv-00526-SRW   Document 1-1   Filed 08/03/17   Page 1 of 10

ELECTRONICALLY FILED
11/22/2013 3:28 PM
03-CV-2013-902042.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

WILLIAM L. IRVIN,
AKA BILLY IRVIN,
an individual,

    Plaintiff,

vs.                                          CASE NO. CV 2013-_____

VALIDATA COMPUTER
& RESEARCH CORPORATION,
a corporation,

    Defendant.

## COMPLAINT

### 1. Parties:

1. Plaintiff is William L. Irvin, aka Billy Irvin ("Plaintiff" or "Irvin"), an individual over the age of nineteen (19) years, currently residing at 6212 Stowers Place, Montgomery, Alabama, 36117.

2. Defendant is Validata Computer & Research Corporation ("Validata" or "Defendant"), a corporation duly organized and existing under the laws of the state of Alabama. Validata was organized in Montgomery County, Alabama on to-wit: March 21, 1979. Records at the Alabama Secretary of State's Office indicate the corporation is in good standing at this time. Validata has a business address of 428 South Perry Street, Montgomery, Alabama, 36104 and a mailing address of P.O. Box 4719, Montgomery, Alabama.

### 2. Jurisdiction and Venue:

3. Plaintiff brings claims against the Defendant alleging alternate theories of recovery including contract, oral contract, account stated, money had and received and unjust enrichment. This court has jurisdiction to hear all of these claims either by statutory authority or common law precedent. Both the Plaintiff and the Defendant are residents of Montgomery County, Alabama. All of the incidents relating to this lawsuit occurred in Montgomery County, Alabama. The amount in controversy exceeds

$10,000.00. Accordingly, the Circuit Court of Montgomery County has jurisdiction to hear and determine Plaintiff's claims and is the proper venue to do so.

### 3. Facts Common to All Counts:

4. For over 28 years, Plaintiff worked at Validata holding various positions of authority throughout his employment. Prior to terminating his employment, Plaintiff was a Vice President of Validata.

5. Plaintiff resigned his employment with Validata and his last day of employment was December 18, 2009.

6. Over the course of his employment, Irvin was requested to loan money to Validata or personally advance the costs and business expenses of Validata. These requests began in 2003 and continued up to the time Irvin resigned his position at Validata. The requests were always made by Mr. Warren C. Philips, President of Validata.

7. Attached hereto and made a part hereof as Exhibit 1 is a copy of a memo drafted on Validata stationery which Plaintiff would allege is in the handwriting of Warren Philips ("Philips"), as President of Validata, requesting that Irvin make a loan from his 401(k) plan. Commencing in approximately 2003, Mr. Warren Philips, President of Validata, approached Irvin with the idea of Validata borrowing money from Irvin's 401(k) retirement fund. In order to help Validata through some difficult financial problems, Irvin agreed and withdrew the sum of $50,000.00 (shown in the 3 checks of $20,000, $20,000 and $10,000 from the 401K Plan to Irvin). It was Irvin's understanding and agreement with Philips as President of Validata, that these loans would be repaid within a short period of time. In fact, Validata did pay some of the money back to Irvin rather soon after the loans were made. Specifically, attached hereto and made a part hereof as Exhibit 2 to this complaint is a copy of three (3) official checks purchased by Validata Computer Corporation at Aliant Bank in Montgomery, Alabama, made payable to Irvin. These three checks were in the amount of $20,000.00, $20,000.00 and $10,000.00

and are dated March 18, 2003; April 9, 2003; and August 25, 2003. As can be seen from reviewing Exhibit 2, each of the checks clearly indicate that they are payment of a "loan" to William L. Irvin.

8. After terminating his employment at Validata, Irvin had great difficulty in getting Validata and Philips as its President to finally transfer Irvin's retirement funds to him and remove them from the control of Philips. It took Irvin over three (3) years to do so. Until this "rollover" process was completed, Irvin did not know the total amount he was still owed by Validata. Other payments were made from time to time but as of the filing of this complaint, there is an unpaid principal balance of $41,476.94 still due. This amount was liquidated when Irvin took steps to "roll over" his 401(k) account after leaving the employment of Validata which occurred in March 2013. In addition to the principal balance alleged to be due, Plaintiff would claim $25,567.97 in interest calculated at the statutory rate under Alabama law of 6%.

9. Prior to leaving the employment of Validata, Warren Philips as President of the corporation, changed the method in which Validata employees would pay for corporate expenses. Prior to the change, the corporate employees were provided corporate credit cards to use to pay their business related expenses. After the change, Philips indicated that the company's employees would have to pay for their own expenses and then be reimbursed on an every 30-day basis. Corporate credit cards were cancelled.

10. Following this new corporate policy, Irvin incurred significant expenses on his own personal credit card or from his personal financial resources, all of which were business related. A summary of these expenses is on attached Exhibit 3 and total $23,692.72.

11. Warren Philips, as President of Validata, acknowledged that the list of expenses (Exhibit 3) prepared as of August 31, 2009 was correct. A copy of a letter to Irvin from Warren Philips as President of Validata, so stating is attached hereto and made a part hereof as Exhibit 4.

12. Validata has made no payments whatsoever to Irvin since he terminated his employment in December 2009. In addition to the $23,692.72 in expenses, Irvin would claim interest on this debt at the statutory rate of 6% since August 31, 2009 which totals $5814.77.

13. Prior to leaving his employment with Validata, Irvin was also requested by Warren Philips, as President of Validata, to allow the company to cancel medical insurance on Irvin with the understanding that Irvin would purchase coverage under his wife's group policy at her place of employment. In consideration of Irvin agreeing to do so, Philips on behalf of Validata agreed to reimburse Irvin at the rate of $565.50 per month. This change occurred beginning July 1, 2009. Irvin claims six (6) months at $565.50 per month, a total of $3393.00, for unreimbursed medical insurance expense which Validata specifically agreed to pay or reimburse. Additionally, Irvin claims interest on said amount from December 18, 2009 to the present time at the statutory rate of 6% which equals $769.69.

14. Irvin terminated his employment as of December 18, 2009. On his last day of employment, Irvin was owed $1257.96 in payroll compensation for his services rendered which check or checks were never delivered and said payroll never paid. Accordingly, Irvin claims $1257.96 in unreimbursed pay or salary for his services rendered prior to termination, plus interest on said amount since December 18, 2009 at the statutory rate under Alabama law of 6%, which equals $285.36.

15. Since leaving the employment of Validata, Irvin has made frequent requests that Validata pay him all amounts due as discussed and itemized above. Irvin received various emails and other correspondence from Philips as President of Validata acknowledging the debt and promising to pay or make payments on the debt to reduce it over time. In spite of those promises, Validata has not paid Irvin any amount for any of the debts set forth above.

16. Plaintiff would contend that all of these debts were incurred based on an oral contract or promise made by Warren Philips acting as President of Validata which induced Irvin to either loan

money to Validata or incur expense on behalf of Validata expecting to be reimbursed. Irvin would allege that he has fully performed under his obligations pursuant to the oral contract but that Validata has breached its obligations due to its failure to make payments or otherwise satisfy the debts.

17. Irvin would also claim that the correspondence between Warren Philips as President of Validata and Irvin constitute a written contract acknowledging the debt owed to Irvin and agreeing to repay it.

18. Irvin would claim that the submission of the itemized statement of account to Validata in August of 2009 was a "rendering" of the debt and a compilation and itemization of all amounts due and created an account stated as of August 2009 for that amount. Furthermore, Philips acknowledged in writing the correctness and accuracy of the amount.

19. Plaintiff would contend that Validata has been unjustly enriched by its failure to repay Plaintiff the debts itemized above.

20. Plaintiff would contend that Validata has received funds or the benefit of funds spent by Irvin constituting money had and received as that term is defined by Alabama law and has failed to repay the amount as it was obligated to do.

## COUNT I - Breach of Contract

21. Plaintiff would adopt and incorporate paragraphs 1 through 20 above and would state as follows:

22. Defendant Validata, acting by and through its President and authorized officer and agent, entered into various written contracts agreeing to repay Plaintiff for loans made to Validata and expenses paid on behalf of Validata by Plaintiff during the course of his employment. By the terms of the said written agreements, Warren Philips, as President of Validata, agreed to repay all amounts due Irvin for loans from his 401(k) plan, business expenses paid by him, medical expense premiums paid by him and salaries due him.

23. Validata breached the terms of these written agreements by failing to repay all amounts due Irvin. As itemized above, the total amount due as of the filing of this complaint is $69,820.62 plus interest of $32,437.79 since the fall of 2009.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Validata in the total amount of $102,258.41 as itemized above.

### COUNT II - Written Contract

24. Plaintiff would adopt and incorporate paragraphs 1 through 23 above and would state as follows:

25. On to-wit: August 31, 2009, Warren Philips, as President of Validata, entered into a written contract agreeing to repay Plaintiff the sum of $23,692.72 in itemized expenses which Irvin had paid or incurred on behalf of Validata. Said amount has not been repaid.

26. Defendant has breached said written contract by failing to repay the sums due.

27. Plaintiff claims interest in the amount of $5814.77. Accordingly, Plaintiff claims a total of $29,507.49.

28. Plaintiff has performed all its obligations under the contract.

29. Defendant has breached the contract.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Validata Computer & Research Corporation in the total sum of $29,507.49, plus costs.

### COUNT III - Written Contract

30. Plaintiff would adopt and incorporate paragraphs 1 through 29 above and would state as follows:

31. On to-wit: June 30, 2009, Warren Philips, as President of Validata, entered into a written contract agreeing to repay Plaintiff the sum of $3393.00 in medical insurance which Irvin had paid or incurred on behalf of Validata. Said amount has not been repaid.

32. Defendant has breached said written contract by failing to repay the sums due.

33. Plaintiff claims interest in the amount of $769.69. Accordingly, Plaintiff claims a total of $4162.69.

34. Plaintiff has performed all its obligations under the contract.

35. Defendant has breached the contract.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Validata Computer & Research Corporation in the total sum of $4162.69, plus costs.

### COUNT IV - Written Contract

36. Plaintiff would adopt and incorporate paragraphs 1 through 35 above and would state as follows:

37. On to-wit: March 1, 2003, Warren Philips, as President of Validata, entered into a written contract agreeing to repay Plaintiff the sum of $41,476.94 in loans made to Validata from the 401(k) retirement plan of Irvin, which Irvin had paid or incurred on behalf of Validata. Said amount has not been repaid.

38. Defendant has breached said written contract by failing to repay the sums due.

39. Plaintiff claims interest in the amount of $25,567.97. Accordingly, Plaintiff claims a total of $67,044.91.

40. Plaintiff has performed all its obligations under the contract.

41. Defendant has breached the contract.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Validata Computer & Research Corporation in the total sum of $67,044.91, plus costs.

### COUNT V - Oral Contract

42. Plaintiff would adopt and incorporate paragraphs 1 through 41 above and would state as

Validata in the total sum of $102,258.41, plus the costs of this proceeding.

### COUNT VII - Account Stated

49. Plaintiff would adopt and incorporate paragraphs 1 through 48 above and would state as follows:

50. Plaintiff claims of the Defendant the sum of $41,476.94 due on account stated as of the 21st day of March, 2013, plus interest in the amount of $25,567.97 for unreimbursed 401(k) loans.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Validata in the total sum of $67,044.91, plus the costs of this proceeding.

### COUNT VIII - Account Stated

51. Plaintiff would adopt and incorporate paragraphs 1 through 50 above and would state as follows:

52. Plaintiff claims of the Defendant the sum of $23,692.72 due on account stated as of the 31st day of August, 2009, plus interest in the amount of $5814.77 for unreimbursed expenses.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Validata in the total sum of $29,507.49, plus the costs of this proceeding.

### COUNT IX - Money Had and Received

53. Plaintiff would adopt and incorporate paragraphs 1 through 52 above and would state as follows:

54. Over the course of his employment, Plaintiff loaned monies to Validata or incurred expenses on behalf of Validata to further its business with the expectation and promise of being repaid, totaling $69,820.62. Validata has received these funds or the benefit of these amounts previously but has failed and refused to repay Plaintiff the amounts due totaling $69,820.62 plus interest of $32,437.79.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant

follows:

43. Warren Philips, as President of Validata, orally agreed or entered into an oral contract with Irvin, the terms of which required Validata to repay Irvin for all loans made from his 401(k) plan and all expenses incurred. The contract also included an agreement that Irvin would be paid his salary or agreed compensation for all work done up to the date of his termination or retirement.

44. As itemized above, Plaintiff claims unreimbursed 401(k) loans of $41,476.94, unreimbursed expenses incurred on behalf of Validata of $23,692.72, unreimbursed medical insurance premiums incurred at the request of Validata in the amount of $3393.00, and unpaid salary of $1257.96, a total of $69,820.62. Plaintiff also claims interest on these amounts as itemized above in the total amount of $32,437.79.

45. Plaintiff has performed all of its obligations under this oral contract or contracts.

46. Defendant Validata has breached its obligations under the terms of the oral contract or contracts by failing to pay or reimburse Plaintiff the agreed amounts.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Validata in the total sum of $69,820.62 plus total interest of $32,437.79, a total of $102,258.41.

## COUNT VI - Account Stated

47. Plaintiff would adopt and incorporate paragraphs 1 through 46 above and would state as follows:

48. Plaintiff claims of the Defendant the sum of $69,820.62 due on account stated as of the 18th day of December, 2009, plus interest in the amount of $32,437.79, which is comprised of unreimbursed 401(k) loans of $41,476.94, unreimbursed expenses incurred on behalf of Validata of $23,692.72, unreimbursed medical insurance premiums incurred at the request of Validata in the amount of $3393.00, and unpaid salary of $1257.96.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant

Validata in the total sum of $102,258.41, plus the costs of this proceeding.

## COUNT X - Unjust Enrichment

55. Plaintiff would adopt and incorporate paragraphs 1 through 54 above and would state as follows:

56. Defendant Validata has received loans and has had expenses paid on behalf of the company by Plaintiff totaling $69,820.62 plus interest of $32,437.79.

57. Validata has failed and refused to repay said amounts or reimburse said amounts to Plaintiff as it was obligated to do and as the company agreed to do.

58. Defendant Validata has been unjustly enriched by having the benefit of these funds at the expense of Plaintiff.

59. Equity and justice would require Validata to repay all of these amounts to Plaintiff to avoid Validata being unjustly enriched at the expense of Plaintiff.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Validata in the total sum of $102,258.41 including interest, plus the costs of this proceeding.

RESPECTFULLY SUBMITTED this 4th day of NOVEMBER, 2013.

/s/ Charles N. Parnell
CHARLES N. PARNELL, III
Attorney for Plaintiff
Attorney Code: PAR016

OF COUNSEL:
PARNELL & CRUM, P.A.
PO Box 2189
Montgomery, AL 36102-2189
334/832-4200